**AMINEDDOLEH&ASSOCIATESLLC**

43 West 43 Street, Suite 171
New York, NY 10036
T 212 709 8149
info@ArtandIPLawFirm.com
www.ArtandIPLawFirm.com

September 12, 2018

**FILED VIA ECF AND LETTER**
Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

       Re: Barnet et al. v. Ministry of Culture and Sports of the Hellenic Republic
           Case No. 18-cv-4693

Dear Judge Polk Failla:

We write on behalf of the Defendant, Ministry of Culture and Sports of the Hellenic Republic (the "Greek Ministry"), in the above-captioned action to arrange for a pre-motion conference, pursuant to Rule 4(A) of Your Honor's Amended Rules, prior to Defendant filing a partial motion to dismiss under Fed. R. Civ. P. 12(b)(1) of the Federal Rules of Civil Procedure. The bases for Defendant's anticipated motion are described below.

This case stems from a letter sent by the Greek Ministry, an agency of the Hellenic Republic (the "Greek State"), tasked with protecting the nation's cultural heritage against looting, destruction, and illicit sale. In fulfilling this national purpose, the Greek Ministry monitors museums, art galleries, and auction houses for suspicious items lacking sufficient documentation. The Greek Ministry sent a letter to Sotheby's, Inc. ("Sotheby's"), about a bronze horse (the "Bronze") scheduled for auction. The letter set forth the Greek Ministry's national interest in the Bronze, an object with indisputably Greek origin. Rather than resolve the inquiry through a private process involving the Plaintiffs and the Defendant, the Plaintiffs filed this public lawsuit against the Greek Ministry, in contravention of applicable federal law and jurisprudence.

Currently, Defendant will primarily move to dismiss Plaintiffs' claims for lack of subject matter jurisdiction. While Plaintiffs allege that this Court has jurisdiction over the matter (Compl. ¶13), whenever a foreign state is involved, the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602-1611, provides the sole and exclusive basis for jurisdiction in U.S. courts. *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 439 (1989). To preserve the full scope of sovereign immunity under the FSIA, this court must make the critical preliminary determination of its own jurisdiction as early in the litigation as possible. *Foremost-McKesson,* v. *Islamic Republic of Iran,* 905 F.2d 438, 449 (D.C. Cir. 1990). To deter the question of jurisdiction is to frustrate the significance and benefit of a foreign state's entitlement to immunity from suit. 28 U.S.C. §§ 1330(a), 1604; *See also, Phoenix Consulting Inc. v. Republic of Angola,* 216 F.3d 36, 39 (D.C. Cir. 2000).

1

In 1812, Chief Justice Marshall emphasized that as a matter of "grace and comity," members of the international community implicitly agreed to waive the exercise of jurisdiction over other sovereigns in certain classes of cases. *Schooner Exchange v. McFaddon*, 11 U.S. (7 Cranch) 116 (1812). To ensure that consistent jurisdiction determinations are made, Congress enacted the FSIA to provide foreign states with the presumption of immunity and clarify exceptions thereto. *See* Brief for the United States as *Amicus Curiae* at *5-7, *Republic of Argentina v. NML Capital, Ltd.,* No. 12-842 (Dec. 4, 2013) ("U.S. *Amicus* Br."). "At the threshold of every action in a district court against a foreign state, … the court must satisfy itself that one of the exceptions applies," *Republic of Austria, et al. v Altmann*, 541 U.S. 677, 691 (2004), quoting *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 492-94 (1983). Doing otherwise would devoid the Greek Ministry of the immunity benefits to which it is entitled and would stand in opposition to long-standing U.S. policies concerning foreign relations.

Defendant's arguments pursuant to the FSIA can be summarized as follows:

1. For purposes of the FSIA, the Greek Ministry is a foreign state because it is an agency of the Greek State, established as such by national presidential decree. Thus, it is immune from litigation proceedings in the U.S. unless the specific exceptions in the FSIA are met. *See* 28 U.S.C. § 1602 and §1604.

2. The exceptions to foreign sovereign immunity set forth in the FSIA are inapplicable to the present case. *See* 28 U.S.C. § 1605(a).

3. The most significant exception, known as the "commercial activity" exception, does not come into play in the present case because Defendant was acting in furtherance of its public mandate and not as a private party. Moreover, there is a lack of a regular course of commercial conduct or a particular commercial transaction or act constituting commercial activity for the purposes of the FSIA. *See Republic of Argentina, et al. v. Weltover, Inc., et al.,* 504 U.S. 607, 611 (1992); *Malewicz v. City of Amsterdam*, 362 F. Supp. 2d 298, 304 and 310-11 (D.C. 2005).

4. Furthermore, under the "for profit" and "commercial nature" tests established by Second Circuit case law, Defendant does not meet the criteria whereby it has deemed to have waived immunity under the FSIA. *See Aschenbrenner v. Conseil Regional de Haute-Normandie,* 851 F. Supp. 580 (S.D.N.Y. 1994); *Malewicz, supra,* at 314, citing *Republic of Argentina v. Weltvoer, Inc.,* 504 U.S. 607, 614-15 (1992).

5. Moreover there is not sufficient commercial activity by Defendant to form the type of nexus with the U.S. required by another modality of the commercial activity exception under 28 U.S.C. § 1605(a)(3).

6. The Greek Ministry performed a single act in relation to the Bronze (issuing a demand letter via electronic communication), which cannot be interpreted as a waiver of immunity pursuant to 28 U.S.C. §1605(a)(1). As a foreign state for all intents and purposes, the threshold for waiving immunity is higher in these circumstances rather than if the communication had been sent by an individual or private party. *Foremost-McKesson, supra,* at 449.

Allowing this case to move forward will essentially silence the Greek Cultural Ministry and prevent it from carrying out its mandate out of fear that it will be subjected to spurious litigation in a foreign

court. Granting jurisdiction in this matter would place the Greek Cultural Ministry at the whim of a private party; burden the agency with a long, costly, and arduous litigation process; and divert national budgeted funds of the Greek State towards defending a claim in a foreign jurisdiction. Requiring a nation to defend itself after placing an inquiry concerning an object of national heritage interest would be in stark contrast to long-standing comity considerations in the U.S. Congress could not have intended this result in crafting its deliberately limited exceptions to sovereign immunity. Extending the "commercial activity" exception to gain jurisdiction over the Greek Ministry for writing a letter would unreasonably broaden the exceptions to the FSIA and deem the exemption nearly infinite.

Furthermore, the FSIA was enacted precisely to protect foreign nations and their agencies from vexatious litigation by private parties, as is the case here. Nor was it intended to allow such parties to utilize federal courts to address grievances better suited to private proceedings. By rushing to the courthouse, Plaintiffs are effectively attempting to intimidate Defendant – and by extension, other foreign ministries of culture interested in recovering expatriated artefacts from auction houses and collectors in the U.S. – and dissuade them from pursuing legitimate claims, now and in the future. This must not be allowed to become a precedent.

It is equally compelling to dismiss this matter as neither plaintiff has standing in this case, as they have not suffered a legally cognizable injury. In *Gambles v. Sterling Infosystems, Inc.,* (Civil No. 15-9746, SDNY 2017), the Second Circuit recently affirmed that "a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." Citing *Baur v. Veneman*, 325 F.3d 625, 637 (2d Cir. 2003). An injury must be concrete in order to provide a party with legally recognizable standing; i.e., real and not abstract. In the instant case, Plaintiffs' assertion that "the mere existence of Greece's threats and allegations on the eve of a scheduled auction place a cloud over the artwork's marketability" (Complaint ¶51) fails to meet the standing threshold for three reasons. First, it is not a quantifiable harm, as neither party demonstrated that it has experienced negative repercussions to its reputation or to the reputation of the piece stemming solely from Defendant's single act. Second, it was Sotheby's who publicized the dispute by filing suit. Sotheby's cannot impute harm to Defendant when Co-Plaintiff itself performed the acts giving rise to this claim. Third, any assertion made by the plaintiffs related to lost profits are too speculative/hypothetical to make out a quantifiable harm.  Even assuming *arguendo* that this court has subject matter jurisdiction, we reserve the right to introduce other defenses and request dismissal under other grounds, including, but not limited to, the failure to state a claim upon which relief can be granted.

For all of the foregoing reasons, and in the interest of protecting longstanding U.S. policies of sovereign immunity, we respectfully request that this Court grant us a pre-motion to dismiss conference.

Respectfully,

Leila A. Amineddoleh<br>
Attorney for Defendant

3